IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FANTA DOUMBOUYA,**

    **Plaintiff,**

    vs.

**MOUNT CARMEL HEALTH SYSTEM,**

    **Defendant.**

Case No. 2:22-cv-3086

Judge Sarah D. Morrison

Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).[1] Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint without prejudice and permit her to seek leave to amend.

---

[1] Despite the Court's screening obligation prior to ordering service, the Undersigned notes that Defendant has filed a motion to dismiss for failure to state a claim. (ECF No. 5.)

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[2]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

**II.**

Plaintiff's Complaint contains the following allegations, restated here verbatim:

> My co-worker Anthony Shutts insulted me over a specememt at the nursing station, but my nurse manager fired me and keep him on the job.

By way of relief, the Complaint requests the following, again restated verbatim:

> I just want the court to allow me a pro se complaint so that justise can be remded. I have been discriminated against not only because I am a woman but for being black also.

(ECF No. 1-1 at 3, 4.)

The nature of Plaintiff's claim is not clearly stated. Construing her *pro se* Complaint liberally, however, it appears that Plaintiff may be attempting to bring a Title VII claim for employment discrimination on the basis of race or gender.

Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) (citing 42 U.S.C. § 2000e–2(a)). In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the United States Supreme Court held that in the discrimination context, a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "is an evidentiary standard, not a pleading requirement" and that "the ordinary rules for assessing the sufficiency of a complaint apply." *Id.* at 510. The Court must therefore apply the "plausibility standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (citations omitted).

Applying the foregoing authority here, the undersigned concludes that Plaintiff has failed to allege facts from which this Court could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendant is liable for violating Title VII. In order to show *a prima facie* case of

discrimination under Title VII, Plaintiff must establish that she was a member of a protected class, she has suffered an adverse employment action, she was qualified for the position, and she was replaced by a person outside the protected class or was treated differently than similarly-situated, non-protected employees. *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. 2021). Here, while Plaintiff alleges her membership in a protected class, she offers nothing beyond conclusory allegations suggesting that she suffered an adverse employment action because of her membership in such a class or that she was treated less favorably than a similarly situated individual outside the protected class. That is, absent from Plaintiff's Complaint are any factual allegations suggesting that her alleged treatment by her employer had anything to do with her race or gender. *See Turner v. Citi*, No. 2:20-CV-00105-GFVT, 2020 WL 4516988, at *3 (E.D. Ky. Aug. 5, 2020) ("Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient to state a claim for relief."). Also lacking is any explanation as to how she and her co-worker were similarly situated. In short, although Plaintiff alludes very broadly to discrimination on the bases of her race and gender, she has alleged no facts sufficient to support a claim for discrimination on those bases. Accordingly, Plaintiff has failed to state a claim for employment discrimination and her Complaint is subject to dismissal. *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination pursuant to Rule 12(b)(6) where the plaintiff had failed to "plausibly show that the ... adverse employment decision ... was a result of discrimination based upon his race or his gender," explaining that the "Court is not required to accept the inferences drawn by [the] [p]laintiff"); *see Keys*, 684 F.3d at 610 (stating that the plausibility standard "applies to causation in discrimination claims").

Given that Plaintiff is proceeding without the assistance of counsel, however, it is **RECOMMMENDED** that Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE**. If Plaintiff believes she could amend her Complaint to assert a proper Title VII claim it is **RECOMMENDED** that she be permitted to move for leave to do so within thirty days of any Order adopting this Report and Recommendation.

Should Plaintiff seek leave to amend, she is cautioned that any Title VII claim ultimately may still be subject to dismissal if she is not able to demonstrate that she timely exhausted her administrative remedies prior to filing suit. Title VII plaintiffs are required to first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the relevant state or local agency within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). *Weston v. Sears*, No. 2:22-CV-1650, 2022 WL 1016703, at *2 (S.D. Ohio Apr. 5, 2022), *report and recommendation adopted*, No. 2:22-CV-1650, 2022 WL 2134978 (S.D. Ohio June 14, 2022). Only after receiving notice that the EEOC will not take further action on the discrimination charge (commonly referred to as a "right-to-sue" notice) may a plaintiff commence a Title VII claim in federal court. 42 U.S.C. § 2000e-5(f)(1). *Id*. Further, any federal action must be commenced within 90 days after the right-to-sue notice is issued. *Id.* Although exhaustion of administrative remedies is not a jurisdictional prerequisite to filing a Title VII claim, *see Adamov v. U.S. Bank Nat. Ass'n*, 726 F.3d 851, 855–56 (6th Cir. 2013), a defendant may raise failure to exhaust administrative remedies as an affirmative defense. Id. (citing *See Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008)).

**III.**

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that if Plaintiff believes she can remedy the deficiencies identified in this Report and Recommendation, she be permitted to move for leave to file an Amended Complaint within **THIRTY DAYS** of any Order adopting this Report and Recommendation. Additionally, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED WITHOUT PREJUDICE** for having been prematurely filed.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

    **IT IS SO ORDERED.**

                                               /s/ *Elizabeth A. Preston Deavers*
**DATED: August 17, 2022**               **ELIZABETH A. PRESTON DEAVERS**
                                               **UNITED STATES MAGISTRATE JUDGE**